UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID H. MARRON,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHSOURCE GLOBAL STAFFING, INC.,<br><br>Defendant. | Case No. 19-cv-01534-KAW<br><br>**ORDER DENYING MOTION TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 28 |

Plaintiff David H. Marron filed the instant case against Defendant Healthsource Global Staffing, Inc., asserting violations of various credit reporting laws and California labor laws. (*See* Not. of Removal, Exh. A ("Compl."), Dkt. No. 1.) On September 13, 2019, the Court compelled Plaintiff's individual claims to arbitration, and stayed the remaining case. (Dkt. No. 27 at 17.)

On June 24, 2020, Plaintiff filed the instant motion for leave to file a second amended complaint. (Pl.'s Mot. to Amend, Dkt. No. 28.) Specifically, Plaintiff seeks to dismiss his individual claims without prejudice, and proceed only on a cause of action under California's Private Attorneys General Act ("PAGA"). (*Id.* at 1.) On July 8, 2020, Defendant filed its opposition. (Def.'s Opp'n, Dkt. No. 32.) On July 15, 2020, Plaintiff filed its reply. (Pl.'s Reply, Dkt. No. 33.)

The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b) and VACATES the August 6, 2020 hearing. Having considered the parties' filings and the relevant legal authority, the Court DENIES Plaintiff's motion.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." "This policy is to be applied with extreme liberality."

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The courts consider five factors when determining whether leave to amend should be granted: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Not all factors carry equal weight. *Eminence Capital, LLC*, 316 F.3d at 1052. Prejudice to the opposing party must be given the greatest weight. *Id.* Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* (internal citation omitted).

## II.   DISCUSSION

Plaintiff argues that his motion to amend the complaint should be granted because of Rule 15(a)(2)'s liberal standard. (Pl.'s Mot. to Amend at 2.) Defendant responds that the Federal Arbitration Act ("FAA") requires that the case be stayed pending resolution of the arbitration of Plaintiff's individual claims. (Def.'s Opp'n at 4.)

The FAA states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall** on application of one of the parties **stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement**, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).

In *Lovig v. Best Buy Stores LP*, the plaintiff's individual claims were compelled to arbitration and the remainder of the action, including a PAGA claim, was stayed. Case No. 18-cv-2807-PJH, 2019 WL 2568851, at *1 (N.D. Cal. June 21, 2019). The plaintiff then moved to dismiss his individual claims without prejudice so that he could proceed on the PAGA claim. *Id.* The district court found that the FAA did not allow the plaintiff to amend the complaint, explaining that "[t]he plain language of the FAA seems to require that, if 'any issue' is referred to arbitration, the court 'shall' stay the 'action' pending arbitration upon request." *Id.* at *3. Thus, "[t]he statute compels staying the entire action and leaves no room to stay certain claims and

2

proceed with or dismiss others." *Id.* In short, "the court must continue to stay the entire action – and cannot dismiss fewer than all of the claims – until the contracted-for 'arbitration has been had in accordance with the terms of the agreement.'" *Id.* (quoting 9 U.S.C. § 3).

Similarly, in *Johnson v. JP Morgan Chase Bank, N.A.*, the plaintiffs moved to amend the complaint after their claims were compelled to arbitration. Case No. EDCV 17-2477 JGB (SPx), 2019 WL 2004140, at *2 (C.D. Cal. Jan. 25, 2019). The plaintiffs sought to add facts showing that they sought public injunctive relief, which could make the claims non-arbitrable. *Id.* The district court denied the motion because the court "[wa]s not convinced it has the power to lift the stay and allow the amendment before 'arbitration has been had.'" *Id.* at *3 (quoting 9 U.S.C. § 3). The district court further explained that even if it had the ability to lift the stay, it would not because "[l]eaving the stay intact until the completion of arbitration serves the interests of judicial economy and advances Congress's purpose in enacting the FAA: to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *Id.* (internal quotation omitted).

Here, the Court compelled Plaintiff's individual claims to arbitration, and stayed the remainder of the case as required by the FAA. While Plaintiff did not initiate arbitration, Defendant has initiated arbitration of Plaintiff's individual claims. (*See* Def.'s Opp'n at 1, 4.) By the FAA's plain terms, the stay of the action remains "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The FAA does not give the court discretion to lift the stay to dismiss some of the claims, particularly now that arbitration has been initiated. Rather, it explicitly mandates that the stay remain in place until arbitration is complete.

Plaintiff argues that he should not be required to pursue his individual claims. (Pl.'s Reply at 2.) In support, Plaintiff cites *Capon v. Ladenburg, Thalman Co. Inc.* for the proposition that "the FAA does not compel a plaintiff to pursue arbitration rather than not pursuing the claims at all." 92 Fed. Appx. 400, 402 (9th Cir. 2004). *Capon*, however, did not consider the effect of a 9 U.S.C. § 3 stay after arbitration was compelled. Instead, the *Capon* plaintiff voluntarily dismissed his entire complaint *before* the district court ruled on the defendant's motion to compel arbitration. *Id.* at 401.

3

Plaintiff also argues that the Court should not consider *Lovig* because the district court allowed oral arguments to proceed even though the plaintiff's counsel – who is Plaintiff's counsel in the instant case – had been unable to attend. (Pl.'s Reply at 2-3.) Thus, Plaintiff suggests *Lovig* "must be taken with a grain of salt given the biased circumstances surrounding it." (*Id.* at 3.) Plaintiff, however, does not challenge the *reasoning* in *Lovig*; regardless of what occurred at the oral argument, *Lovig* explains that the FAA requires that a case remain stayed while arbitration moves forward. Likewise, Plaintiff argues that *Johnson* is distinguishable because there, the plaintiffs sought to add facts to make their claims non-arbitrable. (*Id.*) This distinction does not affect the district court's reasoning, which, again, considered whether the FAA allowed the district court to lift the stay once some claims were compelled to arbitration and the remainder of the action stayed.

Further, the Court observes that, as a practical matter, if Plaintiff was to dismiss the individual claims without prejudice, Plaintiff could proceed with the litigation of the PAGA claims. After the PAGA claim is litigated, Plaintiff could then again bring his individual claims, which would be compelled to arbitration. The FAA's stay provision, however, requires that the arbitrable claims be resolved first. Thus, allowing Plaintiff to dismiss the individual claims without prejudice would circumvent the FAA's stay provision.

In short, the Court concludes that the FAA does not permit the Court to lift the stay so that Plaintiff can amend his complaint to avoid arbitration, particularly when Defendant has initiated arbitration on Plaintiff's individual claims. Whether Plaintiff proceeds with the arbitration is his prerogative; he may choose not to vindicate his rights in the pending arbitration proceedings.[1] The Court, however, cannot lift the stay until that arbitration is completed or otherwise concluded.

///

///

///

---

[1] Defendant raises concerns that the individual Plaintiff may not be aware of the request to dismiss his individual claims, including those that are potentially more valuable than the PAGA claim. (Def.'s Opp'n at 1-2.)

4

### III.   CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion to amend the complaint.

IT IS SO ORDERED.

Dated: July 27, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge