Shaun Setareh (SBN 204514)
 shaun@setarehlaw.com
Brian Louis (SBN 353058)
 brian@setarehlaw.com
SETAREH LAW GROUP
420 N. Camden Drive, Suite 100
Beverly Hills, California 90210
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
DAVID H. MARRON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID H. MARRON, on behalf of himself, all others similarly situated,<br><br>   *Plaintiff*,<br><br> vs.<br><br>HEALTHSOURCE GLOBAL STAFFING, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>   *Defendants*. | Case No. 4:19-cv-01534-KAW<br><br>**SECOND AMENDED COMPLAINT**<br><br>1. Civil Penalties (Lab. Code §§ 2698 *et seq.*)<br><br>**JURY TRIAL DEMANDED** |

SECOND AMENDED COMPLAINT

COMES NOW, Plaintiff DAVID H. MARRON ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action against Defendant HEALTHSOURCE GLOBAL STAFFING, INC., a California corporation; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have:

(1) failed to provide him and all other similarly situated individuals with meal periods;

(2) failed to provide them with rest periods;

(3) failed to pay them premium wages for missed meal and/or rest periods;

(4) failed to pay them at least minimum wage for all hours worked;

(5) failed to pay them overtime wages at the correct rate;

(6) failed to pay them double time wages at the correct rate;

(7) failed to reimburse them for all necessary business expenses;

(8) failed to keep records accurately recording all hours worked;

(9) failed to pay contractual wages;

(10) failed to provide them with accurate written wage statements; and

(11) failed to pay them all of their final wages following separation of employment and/or failure to timely pay wages.

Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution and related relief on behalf of himself, all others similarly situated, and the general public.

**JURISDICTON AND VENUE**

1. Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint occurred in this District.

2. This Court has personal jurisdiction over this matter because Defendants conduct

1
SECOND AMENDED COMPLAINT

substantial business activity in this District, and because many of the unlawful acts described in this complaint occurred in this District and gave rise to the claims alleged.

**PARTIES**

3. Plaintiff DAVID H. MARRON is, and at all relevant times mentioned herein, an individual residing in the State of California.

4. Plaintiff is informed and believes, and thereupon alleges that Defendant HEALTHSOURCE GLOBAL STAFFING, INC. is, and at all relevant times mentioned herein, a California corporation doing business in the State of California.

5. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them. Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

6. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent and ratification by such other defendants.

7. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

**GENERAL ALLEGATIONS**

8. Plaintiff was hired by Defendants as an hourly, non-exempt employee who worked in California beginning on or about November 2013 through May 10, 2018.

**Off-the-Clock Work / Travel Time**

9. Plaintiff and the aggrieved employees were not paid all wages earned as Defendants directed, permitted or otherwise encouraged Plaintiff and the aggrieved employees to perform off-the-clock work.

10. Plaintiff and the aggrieved employees were not paid for all the time spent traveling at the direction of Defendants. Plaintiff and the aggrieved employees were typically flown by plane to the city where they would be working and would stay at a hotel for the duration of their assignment. On each day they were required to report to work, they would line up and wait for a bus chartered by Defendants to take them to the job site. Once they arrived at the job site, they were required to check-in at a certain location where they would perform onboarding requirements including, but not limited to, reviewing their new hire paperwork and signing any necessary documents. They would also be given their department assignments at that time. However, it is only when they arrived at the actual department where they would sign in and be considered "on the clock."

11. Accordingly, Plaintiff and the aggrieved employees were not paid for extensive time spent traveling and under the direction and control of Defendants.

12. As a result of performing off-the-clock work that was directed, permitted or otherwise encouraged by Defendants, Plaintiff and the aggrieved employees should have been paid for this time. Instead, Defendants only paid Plaintiff and the aggrieved employees based on the time they were clocked in once they arrived at the department to which they were assigned.

13. Defendants knew or should have known that Plaintiff and the aggrieved employees were performing work before their scheduled work shifts and failed to pay Plaintiff and the aggrieved employees for these hours.

**Non-Compliant Meal Periods**

14. Plaintiff and the aggrieved employees members were not provided with meal periods of at least thirty (30) minutes before the fifth hour of work for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) Defendants chronically understaffing each work shift with not enough workers; (3) Defendants imposing so much work on each employee such that it made it unlikely that an employee would be

3
SECOND AMENDED COMPLAINT

able to take their breaks if they wanted to finish their work on time (4) Defendants requiring meal periods and rest breaks to be combined; (5) Defendants requiring aggrieved employees to stay on-duty during meal periods; (6) Defendants not permitting Plaintiff and the aggrieved employees to record actual missing meal periods; and (7) Defendants' failure to maintain formal written meal and rest period policy that encouraged employees to take their meal and rest periods before the fifth hour of work.

15. As a result of Defendants' policy, Plaintiff and the aggrieved employees were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes before the fifth hour of work for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the aggrieved employees to work their meal periods in order to complete their assignments on time.

16. When Plaintiff and the aggrieved employees were not provided with a meal period, Defendants failed to pay them premium wages.

**Non-Compliant Rest Periods**

17. Plaintiff and the aggrieved employees members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) Defendants chronically understaffing each work shift with not enough workers; (3) Defendants imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time (4) Defendants requiring meal periods and rest breaks to be combined; (5) Defendants requiring aggrieved employees to stay on-duty during rest periods; (6) Defendants not permitting Plaintiff and the aggrieved employees to record actual missing rest breaks; and (7) Defendants' failure to maintain formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

18. Plaintiff and the putative generally worked 12-hour shifts and were entitled to a minimum of three 10-minute rest periods. However, Plaintiff and the aggrieved employees were typically only provided with one rest period.

19. As a result of Defendants' policy, Plaintiff and the aggrieved employees were

regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the aggrieved employees to work through their rest periods in order to complete their assignments on time.

20. When Plaintiff and the aggrieved employees were not provided with a rest period, Defendants failed to pay them premium wages.

### **Bonuses and Training Modules**

21. Defendants required Plaintiff and the aggrieved employees to complete training modules in connection with their assignments.

22. Defendants additionally promised Plaintiff and the aggrieved employees contractually-earned bonuses, including, but not limited to, for reporting to the first day of work at each assignment.

23. Defendants did not pay Plaintiff and the aggrieved employees for time spent completing training modules

24. Defendants did not pay Plaintiff and the aggrieved employees for contractually-earned bonuses.

25. Accordingly, Plaintiff and the aggrieved employees are entitled to recover for the bonuses promised to them and for the time spent completing training modules.

### **Expense Reimbursement**

26. Defendants agreed to pay Plaintiff and the aggrieved employees with a daily per diem for food.

27. Plaintiff and the aggrieved employees did not receive the agreed upon per diem from Defendants.

28. Plaintiff and the aggrieved employees incurred incidental travel and/or meal expenses while traveling to assignments.

29. Plaintiff and the aggrieved employees furthermore were required to utilize their personal cell phones to communicate with Defendants managers during each assignment.

30. Defendants did not reimburse Plaintiff and the aggrieved employees for their usage

of personal cell phones for necessary business activities, or for the travel and/or meal expenses which Plaintiff and the aggrieved employees incurred traveling to each assignment.

31. Accordingly, Plaintiff and the aggrieved employees are entitled to recover from Defendants for the per diem that they should have received for the duration of each assignment, for the cost of travel and/or meal expenses to assignments, and for the use of personal cell phones for business activities.

## Wage Statements

32. Plaintiff and the aggrieved employees were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

33. Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that:
   a. all hours worked, including overtime, were not included;
   b. any and all premium wages for missed meal and/or rest periods were not included.

34. Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that:
   a. all hours worked, including overtime, were not included;
   b. any and all premium wages for missed meal and/or rest periods were not included.

35. Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that:
   a. all hours worked, including overtime, were not included;
   b. any and all premium wages for missed meal and/or rest periods were not included.

36. Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

# FIRST CAUSE OF ACTION

## CIVIL PENALTIES

**(Lab. Code §§ 2698 *et seq*.)**

37. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

38. During the applicable limitations period, Defendants have violated Labor Code sections 201, 201.3, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198 and 2802.

39. Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

40. Plaintiff, a former employee against who Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code section 2699(c).

41. Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.

42. Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code sections 201, 201.3, 202, 203, 204, 223, 225.5 226(a), 226.7, 227.3, 510, 512, 1174, 1174.5 1194, 1197, 1198 and 2802:

    A. For violations of Labor Code sections 201, 201.3, 202, 203, 212, 225.5, 226.7, 227.3, 1174, 1174.5, 1194, 1198 and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code section 2699(f)(2));

    B. For violations of Labor Code section 203, a penalty in an amount not exceeding thirty days pay as waiting time (penalties set by Labor Code section 256);

    C. For violations of Labor Code section 204, $100 for each employee for each

initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 210);

D. For violations of Labor Code section 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 225.5);

E. For violations of Labor Code section 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation.  Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code section 226.3);

F. For violation of Labor Code sections 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code section 558);

G. For violations of Labor Code section 1197, $100 for each aggrieved employee for each initial violation of Labor Code section 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1197, regardless of whether the

initial violation was intentional (penalties set by Labor Code section 1197.1);

H. Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable attorneys' fees and costs in connection with her claims for civil penalties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

(1) Pre-judgment interest;

(2) Statutory penalties;

(3) Civil penalties;

(4) Costs of suit;

(5) Reasonable attorneys' fees; and

(6) Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

DATED:  April 9, 2025                          SETAREH LAW GROUP

*/s/ Shaun Setareh*

SHAUN SETAREH
BRIAN LOUIS
Attorneys for Plaintiff
DAVID H. MARRON

9
SECOND AMENDED COMPLAINT